IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No.  CV-05-047-E-BLW |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM** |
| v. | ) | **DECISION AND ORDER** |
| | ) | |
| BRUCE W. SPAULDING and LINDA J. | ) | |
| SPAULDING *aka* LINDA JO | ) | |
| SPAULDING, Husband and Wife; D.L. | ) | |
| EVANS & COMPANY, BANKERS, a | ) | |
| Corporation; J.R. SIMPLOT COMPANY | ) | |
| *dba* SIMPLOT SOILBUILDER; COUGAR | ) | |
| FINANCE, INC.; NORTHWEST | ) | |
| FINANCIAL, IDAHO, INC. *nka* WELLS | ) | |
| FARGO FINANCIAL IDAHO, INC.; | ) | |
| CROPMATE COMPANY *nka* UAP | ) | |
| Distribution, Inc., a Delaware Corporation; | ) | |
| DICKSON OIL CO., an Idaho Corporation; | ) | |
| and TRI-RIVER CHEMICAL COMPANY, | ) | |
| INC., a Washington Corporation *fka* | ) | |
| SNAKE RIVER CHEMICALS, INC., *dba* | ) | |
| UAP NORTHWEST, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## INTRODUCTION

The Court has before it UAP Distribution Inc.'s ("UAP") Motion for Partial

Summary Judgment (Docket No. 21) and UAP's Motion to Strike (Docket No. 29).

**Memorandum Decision and Order - 1**

The Court held oral argument on October 26, 2005, and now issues the following

Memorandum Decision and Order.

## BACKGROUND

Between 1972 and 1994, the United States loaned money to Bruce and Linda

Spaulding under the Consolidated Farm and Rural Development Act.  The loans

were evidenced by six mortgages.  Each mortgage states that it further secures the

previous mortgage(s), which "said Real Estate Mortgage(s) shall continue in full

force and effect."

UAP holds two mortgages on the same Spaulding property.  The UAP

mortgages were recorded in May, 1995 and April, 1996, after the United States

recorded its six mortgages.  On September 12, 1996, the United States and the

Spauldings entered into an Agreement for Extension of Real Estate Mortgage or

Deed of Trust ("Extension").  The Extension references the 1994 (and most recent)

mortgage between the United States and the Spauldings and states as follows:

> WHEREAS, on <u>August 22, 1996</u>, Borrower [Spauldings]
> executed a Promissory Note with the Government under
> the provisions of which the $50,499.12 balance of the
> indebtedness secured by said Mortgage or Deed of Trust
> was reamortized and extended so as to provide for annual
> installments over the period ending <u>August 22, 2011</u>,
>
> * * *
>
> NOW THEREFORE, in consideration of the premises

**Memorandum Decision and Order - 2**

and other good and valuable considerations, it is agreed
by the parties hereto that said Real Estate Mortgage or
Deed of Trust . . . is hereby supplemented and amended
to reflect the renewed and extended status of the
Mortgage or Deed of Trust and the obligations secured
thereby, as set forth in the Promissory Note described
above . . . .

(See Amended Complaint, Ex. Q).

UAP contends that the United States' mortgages enjoy a priority over UAP's
mortgages only in the amount stated in the Extension, $50,4999.12.  For the
following reasons, the Court disagrees.

## ANALYSIS

Lien priority disputes should be resolved by reference to state commercial
law as long as the state law does not unfairly discriminate against federal interests.
*See U.S. v. Kimbell Foods, Inc.*, 440 U.S. 715 (1979).  Idaho law does not unfairly
discriminate against a federal interest in this matter.  Thus, the Court will apply
Idaho law to resolve UAP's claim.

"Under Idaho's recording statutes, every conveyance of real property
acknowledged or proved, and certified and recorded as prescribed by law, is
constructive notice of its contents to subsequent purchasers and mortgagees from
the time it is filed."  *Kalange v. Rencher*, 136 Idaho 192, 195 (2001); see also I.C.
§ 55-811.  The primary purpose of Idaho's recording statutes is to give notice to

others that an interest is claimed in real property.  *Id*.  The recording statutes are designed for the "ultimate purpose of permitting purchasers to rely upon the record title."  *Id*.

UAP suggests that the United States admitted in the Extension that the amount owing under its previous mortgages was limited to $50,499.12.  UAP therefore contends that pursuant to *Kalange*, the United States enjoys a priority over UAP's mortgages only in the amount of $50,4999.12.  UAP misinterprets the holding in *Kalange*.  *Kalange* simply stands for the unremarkable proposition that a subordinate mortgagee has notice of and can reply upon all earlier recorded mortgages at the time the subordinate mortgagee gives his mortgage.

In this case, the United States recorded all six of its mortgages prior to May, 1995 and April, 1996, when UAP loaned money to the Spauldings and recorded its mortgages.  Thus, at the time UAP loaned money to the Spauldings, it had notice of the United States' full interest in the Spaulding property as recorded in all six mortgages.  The subsequent, September, 1996, filing of the Extension did not effect UAP's notice of, or reliance upon, the record title at the time UAP loaned money to the Spauldings.

Moreover, the Extension does not usurp the five previous mortgages given by the United States.  The Extension revises the 1994 mortgage, but it does not

**Memorandum Decision and Order - 4**

nullify language in the mortgage stating that it "further secures the following outstanding notes [the previous five mortgages] from the Borrower to the Government which are secured by Real Estate Mortgages to the Government recorded as follows, *which said Real Estate Mortgages shall continue in full force and effect*." (See Amended Complaint, Ex. P)(emphasis added).  The only reasonable interpretation of the Extension is that it revises only the 1994 mortgage, limiting it to $50,499.12.  The other five mortgages remain in full force and effect. Accordingly, the United States' priority interest in the Spaulding property is not limited to the $50,499.12 referenced in the Extension, and partial summary judgment is not warranted.

## ORDER

Based on the above Memorandum Decision,

NOW THEREFORE IT IS HEREBY ORDERED that UAP's Motion for Partial Summary Judgment (Docket No. 21) shall be, and the same is hereby, DENIED.

**Memorandum Decision and Order - 5**

IT IS FURTHER ORDERED that UAP's Motion to Strike (Docket No. 29)

shall be, and the same is hereby, DEEMED MOOT.

DATED:  **November 8, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - 6**